STATE OF HAWAI`I, Plaintiff-Appellee,
v.
RITA MAKEKAU, Defendant-Appellant, and GABRIEL KALAMA, and BARBARA KALAMA, Defendants.
No. 29493.
Intermediate Court of Appeals of Hawaii.
Filed September 29, 2009.
On the briefs:
Tae W. Kim, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Rita Makekau (Makekau) appeals the Judgment of Conviction and Sentence entered on November 24, 2008, by the Circuit Court of the First Circuit (circuit court).[1]
On October 9, 2008, Makekau entered into a conditional no contest plea agreement which reserved her right to appeal the denial of her "Motion to Dismiss Invalid Complaint for Lack of Personal and Subject Matter Jurisdiction." Makekau was convicted of eight counts of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(d) (Supp. 2004), and one count of Abuse of Family or Household Members, in violation of HRS § 709-906 (Supp. 2004).
On appeal, Makekau claims that the circuit court lacked jurisdiction over her because she is a member of the sovereign nation of Hawai`i.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Makekau's point of error as follows;
Makekau's claim that the circuit court lacked personal and subject matter jurisdiction over her because she is a member of the sovereign nation of Hawai`i is without merit. In State v. Lorenzo, 77 Hawai`i 219, 883 P.2d 641 (App. 1994), this court held that the argument that a court lacked jurisdiction over a defendant solely because he was a subject of the Kingdom of Hawai`i was without merit. 77 Hawai`i at 221-22, 883 P. 2d at 643-44. 44. In Lorenzo we noted that
Lorenzo has presented no factual (or legal) basis for concluding that the Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.4
4 A state is defined as
an entity that has a defined territory and a permanent population, under the control of its own government, and that engages in, or has the capacity to engage in, formal relations with other such entities.
Klinghoffer v. S.N.C Achille Lauro, 937 F.2d 44, 47 (2d Cir. 1991) (quoting National Petrochemical Co. v. M/T Stolt Sheaf, 860 F.2d 551, 553 (2d Cir.1988) (quoting Restatement (Third) of the Foreign Relations Law of the United States § 201 (1987)), cert. denied, 489 U.S. 1081, 109 S.Ct. 1535, 103 L.Ed.2d 840 (1989)).
The United States Supreme Court has listed the following as essential attributes of sovereign statehood: the power to declare and wage war; to conclude peace; to maintain diplomatic ties with other sovereigns; to acquire territory by discovery and occupation; and to make international agreements and treaties. See United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 318-319, 57 S.Ct. 216, 220-21, 81 L.Ed. 255 (1936).
Id. at 221-22, 883 at 643-44 . Here, the circuit court correctly concluded that the State met its burden proving jurisdiction and Makekau failed to prove facts in support of any defense, such as immunity, which would preclude the circuit court from exercising jurisdiction over Makekau. On appeal, Makekau does not direct this court to any evidence she presented below that supported her position that her title as "Her Highness" of the Kingdom of Hawai`i exempts or immunizes her from State law. "[T]he State's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawai`i. " State v. Jim, 105 Hawai`i 319, 330, 97 P.3d 395, 406 (App. 2004). Therefore, we agree with the circuit court that Makekau failed in meeting her burden.
Therefore,
IT IS HEREBY ORDERED that the November 24, 2008 Judgment of Conviction and Sentence of the Circuit Court of the First Circuit is affirmed,
NOTES
[1] The Honorable Virginia Lea Crandall presided.